**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

_____

CRYSTAL COLEY,

                         Plaintiff,

        v.                                    8:20-CV-675
                                                  (GTS/DJS)

TORRI SHUFELT, _et al._,

                         Defendants.

_____

**APPEARANCES:**                          **OF COUNSEL:**

PHILLIPS & ASSOCIATES, PLLC      STEVEN J. FINGERHUT, ESQ.
Attorney for Plaintiff
45 Broadway
Suite 430
New York, New York 10006

KAUFMAN DOLOWICH VOLUCK, LLP   SIOBHAN A. HEALY, ESQ.
Attorney for Defendants
245 Main Street
Suite 330
White Plains, New York 10601

**DANIEL J. STEWART**
**United States Magistrate Judge**

<u>**DECISION AND ORDER**</u>

      Presented to the Court for consideration in this federal action is Plaintiff's Letter-

Motion seeking to enforce a subpoena of an unredacted copy of a Justice Center

Investigative Report relative to Plaintiff's claims, Master Case # 5510110053

("Investigative Report"). Dkt. Nos. 50 & 53. For the reasons that follow, and after

balancing the respective interests of the parties to this litigation as well as other affected

individuals, the Court denies Plaintiff's request for production of a fully unredacted copy of the Investigative Report, but does grant Plaintiff's request for the disclosure of the identities of the witnesses, representatives, and subjects, detailed at pages 6-10 of that Report, with such identities to be held pursuant to the terms of the previously issued Protective Order.

## A.  Procedural History

This action was commenced on June 16, 2020 and an Amended Complaint was filed in November of that same year.  Dkt. Nos. 1 & 23.  The First Amended Complaint, now the operative pleading, alleges causes of action for discrimination and retaliation under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq*., as well as under the New York State Human Rights Law ("NYSHRL"), New York State Executive Law § 296, *et seq*.  Dkt. No. 23, Am. Compl. at ¶¶ 1 & 96-110.  It is alleged in the Amended Complaint that the Plaintiff, Crystal Coley, was employed as a "direct support professional" for Defendant Essex County Chapter NYSARC, Inc., referred to in the pleadings as "Mountain Lake."  *Id.* at ¶¶ 9 & 37.  Mountain Lake is a residential facility that provides support services to individuals with developmental disabilities.  *Id.* at ¶ 35.  Plaintiff was assigned to aid a client with cerebral palsy and other issues, referred to in the Amended Complaint under the initials "M.A."  *Id*. at ¶¶ 41 & 43.  The Amended Complaint further alleges that as part of her job duties Plaintiff was directed to provide M.A. with a device used for masturbation, assist M.A. in the process of placing it on his body, help him use it when necessary, and then clean up when he was

2

done. *Id*. at ¶ 54.  Plaintiff maintains that she objected to the directive, but was advised that she would lose her job if she did not comply.  *Id.* at ¶¶ 55-57.  Plaintiff alleges that she then followed the demands of her employer relative to the activities outlined above, from February 2018 until the point when she maintains that she was constructively discharged in violation of federal and state law.  *Id.* at ¶¶ 40-62.

Defendants have answered the Amended Complaint and have denied its substantive allegations.  Dkt. No. 27.  On September 16, 2020, the parties met with the Court and a Uniform Pretrial Scheduling Order was issued.  Dkt. No. 14.  The parties then actively engaged in discovery.  Because the facts of the case necessarily involved actions and information relating to a non-party, and in particular non-party medical and personal information, this Court signed a Protective Order to protect the privacy interests of those involved.  Dkt. No. 51.

The issue presently presented to the Court involves the disclosure of an Investigative Report prepared by the New York State Justice Center for the Protection of People with Special Needs.[1] The genesis of the report was apparently based upon the allegations related to those contained in the Complaint in that it was alleged that Plaintiff engaged in a sexual act with a disabled person. As part of the investigation, the Justice Center reviewed records, questioned the alleged victim, and obtained testimonial

---

[1] The Justice Center has authority to investigate reports of abuse and neglect in covered facilities and programs, pursue administrative sanctions against staff found responsible for misconduct, and its Special Prosecutor/Inspector General collaborates with local District Attorneys to prosecute criminal offenses involving allegations of abuse or neglect.  *See* N.Y. Exec. Law § 550 *et seq.*; N.Y. Soc. Serv. Law § 492(1).

evidence from seventeen individuals, who are or were staff at Mountain Lake. At the conclusion of the investigation, the Justice Center determined that the claims of sexual abuse were unsubstantiated.  As a result of that finding, the Investigative Report was sealed pursuant to statute, *see* N.Y. Soc. Serv. Law §496(1), but it appears that a copy of the report was sent to the Facility, and a redacted version of the report was provided to the Plaintiff.  Dkt. No. 35.  During discovery in this case the existence of the Investigative Report was disclosed, and Plaintiff's counsel requested a copy of the Report from Defendants.  *Id.*  A heavily redacted copy of the report was provided to Plaintiff's counsel by the Facility, but counsel desired an unredacted version of the Report.  *Id.* To obtain the report, Plaintiff served a subpoena duces tecum on the Justice Center.  Dkt. No. 46.

To balance the competing interests of the parties and the non-parties, the Court held a conference to hear from litigation counsel.  In addition, the Court requested input from both counsel for the Justice Center for the Protection of People with Special Needs, as well as counsel for Mental Hygiene Legal Services (MHLS), who could represent the interests of M.A.  That input has now been received.  Dkt. Nos. 54 & 55.  In addition, the Court was provided, and has now reviewed, *in camera*, an unredacted copy of the Justice Center's Case Investigative Report for case # 5510110053.

**B.  Analysis**

Proper resolution of this dispute requires a consideration of both federal and state law.  As noted by the Justice Center, its Report is protected in large measure from

4

disclosure by Social Services Law section 496.  Pursuant to that statute, slightly different procedures apply in situations where the Investigative Report determines that the allegations are founded or substantiated and when that finding is not made.  Where substantiated, disclosure of the report is still authorized to certain parties or involved individuals, including the director of the facility, a person who is the subject of the report, the district attorney or police authorities in connection with any resulting criminal investigation, or the court "upon a finding that the information in the record is relevant to the determination of an issue before the court."  N.Y. Soc. Serv. Law §§496(1) & (2)(a), (d), (f).  Where the allegation was not substantiated, the Investigative Report is sealed, but may be made available to the subject of the report, other individuals named in the report; and under certain circumstances, a court.  N.Y. Soc. Serv. Law §§462(1)(c,),(d), & (g).  "Such reports may only be unsealed and made available, consistent with any other applicable state or federal law. . ."  Finally, the statute provides:

> When a report is unsealed, persons given access to it shall not redisclose such reports except as necessary to conduct such appropriate investigation or prosecution and shall request that the court redact any copies of such reports produced in any court proceeding to remove the names of those persons relevant to the preceding such as a source of the report, the name of the subject, and other persons named in the reports; or that the court issue an order protecting the names of the subjects and other persons named in the reports from public disclosure.

N.Y. Soc. Serv. Law §496(1)(g).

The Justice Center's position is detailed in their October 5, 2021 letter. Dkt. No. 54. In particular, it objects that the subpoena calls for production of a completely unredacted report. *Id.* It concedes that Plaintiff, as a subject of the Investigative Report, may well be entitled to some portions of the Report, but that that entitlement must be tempered by other provisions of law, including section 33.13 of the Mental Hygiene Law, which provides confidentiality for clinical records and information of patients such as M. A. *Id.* at p. 1. It, therefore, asked that the Court review the report *in camera*, and modify the subpoena based upon the results of that review. *Id.* at p. 2.

Mental Hygiene Legal Services has also taken the position that the production of an unredacted Investigative Report would violate M.A.'s privacy interests. Dkt. No. 55. Consistent with the Mental Hygiene Law, MHLS Deputy Director Stockwell requests that the Court review the records and only authorize disclosure in accordance with the New York Mental Hygiene Law, which requires a finding by the Court that "the interests of justice significantly outweigh the need for confidentiality." *Id*. (citing N.Y. Mental Hyg. Law §33.13(c)(1)).

In considering the claim of a state created right that impedes disclosure, "[i]t is axiomatic that 'state law is naturally preempted to the extent of any conflict with a federal statute, or where, under the circumstances of [a] particular case, [the challenged state law] stands as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress.'" *Disability Rts. N.Y. v. Wise*, 171 F. Supp. 3d 54, 62 (N.D.N.Y. 2016) (quoting *Starr Int'l Co. v. Fed. Reserve Bank of N.Y.,* 906 F.Supp.2d

202, 234-35 (S.D.N.Y. 2012)).  On the other hand, principles of comity and respect for a State's interests also mandate that any review by this Court "should be undertaken to ensure vindication of the paramount federal interest with as minimal an intrusion on the state interests as is consistent with the federal claim." *Van Emrik v. Chemung Cty. Dep't of Soc. Servs*., 121 F.R.D. 22, 25 (W.D.N.Y. 1988).

In the Court's view, however, this case does not require it to weigh the competing interests of state law or privilege[2] against the disclosure requirements in a federal action, as both paths lead to the same place.  In a federal action, whether a subject file may be discovered is, in general, governed by FED. R. CIV. P. 26(b)(1), which provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense."  The scope of discovery has long included information about "the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter."  *Id.* (advisory committee notes to the 2015 amendments); FED. R. CIV. P. 45(a)(1)(A). As of December 2015, however, Federal Rule 26 was amended to further define the proper scope of discovery as to that which is "proportional to the needs of the case."  FED. R. CIV. P. 26(b)(1); *Hyatt v. Rock*, 2016 WL 6820378, at *2 (N.D.N.Y. Nov. 18, 2016).  Further, Rule 26(c) authorizes the court to "fashion a

---

[2]  Where the civil action pending in federal court involves federal claims, only privileges recognized as a matter of federal common law are applicable.  *See Von Bulow v. Von Bulow*, 811 F.2d 136, 141 (2d Cir. 1987).  Where no federal common law creates a comparable federal privilege, the state-created privilege may still be considered by the federal courts under principles of comity so long as the interests sought to be protected do not conflict with the interests of the federal court.  *Bianchi v. Green*, 2018 WL 10667434, at *3 (N.D.N.Y. Oct. 4, 2018).

set of limitations that allows as much relevant information to be discovered as possible, while preventing unnecessary intrusions into the legitimate interests - including privacy and other confidentiality interests - that might be harmed by the release of the material sought." *Pearson v. Miller*, 211 F.3d 57, 65 (3d Cir. 2000).

Plaintiff maintains that she, as a subject of the investigation, is entitled to an unredacted copy of the report pursuant to N.Y. Soc. Serv. Law, Dkt. No. 39, but the Court disagrees. In limiting disclosure, Social Services Law itself authorizes disclosure of a report to the subject "consistent with any other applicable state or federal law." N.Y. Soc. Serv. Law § 496(1)(c). Here, the relevant applicable federal law is the discovery rule of proportionality, which allows the Court to weigh the competing interests of the parties and also consider the privacy interests of third parties to effectuate a just, speedy, and inexpensive determination of the case as required under FED. R. CIV. P. 1. In the present case, production of an unredacted investigative report is not proportional to the needs of this case. Rather, based upon the Court's *in camera review*, the redactions to the Report provided to Plaintiff's counsel by the Justice Center appear appropriate in most respects to preserve the privacy interests of M.A., and do not hamper or impede Plaintiff's ability to obtain relevant information to prove her claim of discrimination or retaliation. In that regard, the Court notes that it had previously provided some additional information relative to the IPOPs and BSPs for the client at issue relative to his ability to have safe alone time, having determined under the MHL

8

that the relevance and disclosure of that precise issue in this case outweighed the need for confidentiality.  Dkt. No. 48.

However, the Court does conclude that the names of the witnesses, contacts, and subjects, listed on pages 6-10 of the Report, should be provided to the Plaintiff and, if they do not have them, to Defendants' counsel.  It is appropriate and necessary to disclose this information because it is highly relevant.  Indeed, at issue are witnesses who were present when instructions were provided to staff regarding the use of the device in question - instructions that go to the core of this federal case.  Some of those witnesses support Plaintiff's claim that she was to place the device on the client and assist him in using it, and that staff objected to this.  Others do not.  This appears to be a central area for critical discovery.  Second, the witnesses involved are staff members at the facility, and therefore their names would be the subject of discovery in this federal action in the normal course.  *See* Dkt. No. 53-2 ("upon information and belief, plaintiff is already in possession of the identities of all witnesses listed in the investigative summary report.").  Not disclosing the particular witness names, while providing a redacted summary of the information that they provided to the Justice Center, would likely only lead to the unnecessary depositions of *all* employees, which would generate needless expense and would ultimately result in more disclosure about facts and circumstances than Plaintiff now seeks.  Further, the witnesses are employees, or former employees, who would be expected to provide relevant information, and not spouses or confidential sources, or other individuals who might be the subject of intimidation.  In

9

this regard, it is the Court's understanding that the Investigative Report that was provided to the Facility included the names of the witnesses. *See* Dkt. No. 39. Withholding that critical piece of information from Plaintiff is not appropriate.

Social Services Law §496 itself creates no absolute bar to the release of the witnesses' names in the report, especially to the Court. *Rivera v. State*, 70 Misc. 3d 879, 885 (N.Y. Ct. Cl. 2020). Nevertheless, at the request of counsel and in an effort to be cautious and protective of those who participate in and cooperate with an investigation by the Justice Center, the Court directs that the contents of the redacted Report, including the identification of the individuals named on pages 6 through 10 of that Report, be held confidential pursuant to the terms of the September 8, 2021, Protective Order. N.Y. Soc. Serv. Law §496(1)(g); *Rivera v. State*, 70 Misc. 3d at 889. ("and it is further ordered that all Justice Center record material produced in accordance with this order shall be kept confidential and used solely in this litigation. . .").

## C. Conclusion

For the foregoing reasons, the Letter-Motion of the Plaintiff (Dkt. Nos. 50 & 53) to compel further production of the Investigative Report for case # 5510110053, prepared by the Justice Center, is **granted in part and denied in part**. The Justice Center shall submit a newly redacted investigative report to Plaintiff's counsel which, in addition to the previously supplied information, provides the names of the individuals listed at pages 6 through 10 in the Investigative Report. All of the other redactions to the Report previously made by the Justice Center are upheld. This information can be

used solely for purposes of the present litigation, and the report shall be held confidential

pursuant to the terms of the Court's Protective Order.

   **IT IS SO ORDERED.**

Dated: November 5, 2021
    Albany, New York

                  _____

                 Daniel J. Stewart
                 U.S. Magistrate Judge